UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | Criminal No. 3:06cr268 (JBA) |
|---|---|
| v. | |
| EDUARDO MEDINA COLON | January 14, 2015 |

## RULING ON DEFENDANT'S MOTION TO REDUCE
## SENTENCE PURSUANT TO 18 U.S.C. § 3582

Defendant Eduardo Medina Colon moves [Doc. # 1599] for a modification of sentence pursuant to 18 U.S.C. § 3582(c) in light of Amendment 750 to the United States Sentencing Guidelines, which reduced by two levels the base offense level for cocaine base ("crack cocaine") offenses. For the reasons that follow, Defendant's motion is denied.

**I.     Background**

On June 19, 2007, Mr. Colon pleaded guilty to Count Twelve of an Indictment charging him with distribution of 50 grams or more cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). At the sentencing hearing on November 5, 2007, the late Honorable Peter C. Dorsey, applied the November 1, 2007 guidelines and found that Mr. Colon's adjusted offense level was 27 and that he was in Criminal History Category III, which resulted in a guidelines range of 87 to 108 months' incarceration. But because the offense of conviction carried a statutory mandatory minimum prison term of 120 months, Judge Dorsey sentenced Mr. Colon to 120 months incarceration. (Judgment [Doc. # 947].)

On December 1, 2008, Mr. Colon moved [Doc. # 1362] to reduce his sentence, pursuant to 18 U.S.C. § 3582(c) and the November 1, 2007 Sentencing Guidelines, and on March 17, 2009, Judge Dorsey denied that motion, explaining that he had applied the

November 1, 2007 guideline amendments to Mr. Colon's original sentencing, but the "amendment did not overcome the mandatory minimum though it did lower the calculated guideline range" and thus the Court "imposed the mandatory minimum" of 120 months.  (Order on Mot. for Reduced Sent. [Doc. # 1384] at 1.)

II.   Discussion

Defendant now seeks a reduction in his sentence pursuant to Amendment 750, which was effective November 1, 2011 and lowered the base offense levels applicable to crack offenses.  The Government and Probation Office both maintain that Mr. Colon is not eligible for a reduced sentence under Amendment 750 (70-87 months) because he was sentenced to the statutorily mandated minimum term of incarceration.  (*See* Retro-Crack Addendum to PSR [Doc. # 1600]; Gov't's Opp'n [Doc. # 1605].)  The Court agrees.

Section 3582(c)(2) states that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.").  In doing so, the court is directed to consider "the factors set forth in section 3553(a) to the extent that they are applicable" and "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," *id.*, namely § 1B1.10 of the Guidelines addressing resentencing, *see Dillon v. United States*, 560 U.S. 817, 825 (2010).  Pursuant to U.S.S.G. § 1B1.10, a reduction is not consistent with Sentencing Commission policy statements if the revised guideline provision "does not have the effect of lowering the defendant's applicable guideline range."

Although Amendment 750 lowered the base offense levels applicable to crack offenses, Mr. Colon was sentenced to the statutory mandatory minimum which could not be changed by an amendment to the Sentencing Guidelines.  *See Dorsey v. United States*, 132 S. Ct. 2321, 2327 (2012) ("[N]o matter what range the Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum.").  This limitation is reflected in U.S.S.G. § 5G1.1(b), which provides that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."  Therefore, because Amendment 750 did not have the effect of lowering Defendant's Guidelines range and he was sentenced to a statutory mandatory minimum, he is ineligible for resentencing.

Mr. Colon acknowledges that he was sentenced to a statutory mandatory minimum but contends that the Fair Sentencing Act of 2010 ("FSA"), which changed the threshold quantities of crack cocaine which trigger the statutory mandatory minimum sentences under 21 U.S.C. § 841 (b)  effective August 3, 2010, should apply retroactively to him.  However, shortly after Defendant filed this motion, the Second Circuit rejected this argument and held the FSA does not apply to defendants who committed their offenses and were sentenced prior to the FSA's effective date.  *United States v. Reese*, 541 F. App'x 42, 44 (2d Cir. 2013) ("[T]he FSA does not apply retroactively to defendants

convicted and sentenced prior to August 3, 2010.").[1]  Therefore, Mr. Colon is not eligible for a sentence reduction.

### III.    Conclusion

For the reasons set forth above, Defendant's Motion [Doc. # 1599] for Modification of Sentence is DENIED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 14th day of January 2015.

---

[1] In support of his argument Mr. Colon "relies on the rationale" of *United States v. Blewett*, 719 F.3d 482, 492 (6th Cir. 2013) where a Sixth Circuit panel held that the mandatory minimums of the FSA applied retroactively.  This ruling was inconsistent with Second Circuit precedent and thus this Court could not follow it.  Furthermore, after Mr. Colon filed this motion, on rehearing en banc, the full Sixth Circuit vacated the panel's ruling in *Blewett* and joined "[e]very other federal court of appeals" and held that the FSA does not apply to defendants sentenced before its effective date.  746 F.3d 647 (6th Cir. 2013).